**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MOHAMMAD HAWAMDEH** | **DOCKET NO. 1:26-cv-00045** |
| | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHIEF COUNSEL USDHS-ICE, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Mohammad Hawamdeh, who is proceeding *pro se* in this matter. At the time of filing, Hawamdeh was in custody of the US Department of Homeland Security/Immigration and Customs Enforcement (DHS/ICE), detained at the Winn Correctional Center in Winnfield, Louisiana. The Respondent filed a Response on February 5, 2026. Doc. 6. The matter is now ripe for review.

Petitioner is a native and citizen of Jordan who entered the United States on August 3, 2024, without inspection by an Immigration Officer. *See* doc. 6-1, Notice to Appear. He was charged as subject to removal from the United States pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), as an immigrant not in possession of a valid unexpired immigrant visa or other documentation granting legal status. *Id*. Petitioner was ordered removed to Jordan by the Immigration Judge on May 2, 2025. *See* doc. 6-2, Order of Immigration Judge. Petitioner was removed to Jordan on January 20, 2026. *See* doc. 6-3, Departure Verification.

Petitioner filed the instant Petition for Writ of Habeas Corpus seeking his release from ICE custody due to his detention for a "prolonged period." However, as Petitioner has now been removed and is no longer in ICE custody, his petition is moot and must be dismissed. *See, e.g., Oguntuyi v. Manuel,* No. 2:24-CV-1069, 2025 WL 2399184, at \*2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24-CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025)

("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). Accordingly,

**IT IS RECOMMENDED** that the instant Petition for Writ of Habeas Corpus [doc. 1] be **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 10th day of March, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

-2-